## Fourth Department, November, 1917.

Marion L. Evans, as Executrix, etc., of Griffith Evans, Deceased, Respondent, *v.* Supreme Council of the Royal Arcanum, and James E. Bird, Regent of Rome Council, No. 150, of the Royal Arcanum, Appellants.

*Insurance — benevolent association — suspending member — effect of injunction.*

Appeal from a judgment of the Supreme Court, entered in the Oneida county clerk's office February 24, 1917.

Judgment affirmed, with costs, upon the opinion of Crouch, J., delivered at Special Term. [Reported in 101 Misc. Rep. 720.] All concurred, except Kruse, P. J., and Foote, J., who dissented, each in a separate memorandum, and voted for reversal.

KRUSE, P. J. (dissenting): I am unable to see how the injunction order kept the life insurance certificate in force without payment of the assessments in full. As it seems to me, the most the injunction did was to prevent the defendant from taking affirmative action to suspend or forfeit the certificate. But I think no affirmative action was necessary upon the part of the defendant to forfeit this certificate. While the injunction order may have had the effect to prevent the member from being suspended from the ordinary lodge privileges, I think it did not have the effect to keep the insurance in effect. If I am right so far it is not necessary to consider the question as to whether the plaintiff could be substituted in this action and recover upon the certificate. Furthermore, it is claimed that question has been decided in her favor by our previous decision, which affirmed the order of substitution. (*Evans* v. *Supreme Council, Royal Arcanum,* 171 App. Div. 884.)

FOOTE, J. (dissenting): This action was begun by Griffith Evans in his lifetime to have it adjudged that the increase in the amount of his dues and assessments in the defendant company violated his contract rights with defendant and was invalid as to him. The sole object of the action was to maintain Evans' supposed right to continue his membership at the old rate of assessment. The injunction undertook to protect him in this right, in case it was adjudged to be his. It attempted nothing more. He did not ask to have his status preserved to permit him to pay the increased rates if held to be valid, nor did the injunction purport to do so. He did not state an intention to pay the increased rates if found valid, nor did the undertaking bind him or his sureties to do so. For all that appears, it was not his intention to continue his membership unless he could secure an adjudication entitling him to do so at the old rate of assessment. Under these circumstances, even if the effect of the injunction was to prevent his suspension from membership for failure to pay the increased rates if found to be unauthorized, it did not, I think, have that effect if authorized and valid. He took the chance of successfully maintaining his contention in that respect, and if he failed, of losing his right to membership. We did not pass upon this question in affirming the order permitting the plaintiff to be substituted to continue the action. I think the judgment should be reversed and the complaint dismissed, with costs.